**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| JOHN BRANDT, : | Civil Case No.: 07-862 (NLH) |
| Plaintiff, : |  |
| v. : | **O P I N I O N** |
| ELIZABETH BURNS, et al., : |  |
| Defendants. : |  |

**APPEARANCES:**

    JOHN BRANDT, Plaintiff, pro se
    Ann Klein Forensic Center
    P.O. Box 7717
    West Trenton, New Jersey 08628

**HILLMAN, JR.**, District Judge

    Plaintiff, John Brandt, a involuntarily committed patient currently confined at the Ann Klein Forensic Center in West Trenton, New Jersey, brings this application for appointment of counsel with respect to his pending civil action.  Having considered Plaintiff's application for appointment of pro bono counsel, and without need for oral argument, pursuant to Fed.R.Civ.P. 78, the Court will deny, without prejudice, the request for appointment of counsel for the reasons set forth below.

## BACKGROUND

Plaintiff asserts Fourteenth Amendment violations by three defendants, a psychiatrist, a psychologist, and a social worker, in a civil rights action under 42 U.S.C. § 1983. Namely, he alleges that these defendants wrongfully released him from the Ancora Psychiatric Hospital where he was first committed by the state court. As a result, he was denied the psychiatric and medical treatment he needed, and was exposed to harm that cause him to be injured. He seeks compensatory and punitive money damages.

## DISCUSSION

Indigent persons raising civil rights claims have no absolute constitutional right to counsel. Parham v. Johnson, 126 F.3d 454, 456-57 (3d Cir. 1997). In determining whether to appoint counsel, a court should consider several factors:

> As a preliminary matter, the plaintiff's claim must have some merit in fact and law. ... If the district court determines that the plaintiff's claim has some merit, then the district court should consider the following factors:
>
> (1) the plaintiff's ability to present his or her own case;
> (2) the complexity of the legal issues;
> (3) the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue such investigation;
> (4) the amount a case is likely to turn on credibility determinations;
> (5) whether the case will require the testimony of expert witnesses;
> (6) whether the plaintiff can attain and afford counsel on his own behalf.

2

> [Tabron v. Grace, 6 F.3d 147, 155-56, 157 n.5 (3d Cir. 1993), cert. denied, 510 U.S. 1196 (1994).]  This list of factors is not exhaustive, but instead should serve as a guide post for the district courts.
>
> Correspondingly, courts should exercise care in appointing counsel because volunteer lawyer time is a precious commodity and should not be wasted on frivolous cases.  Id. at 157.

Parham, 126 F.3d at 457-58.

Applying these factors to this case, the Court is not inclined to allow appointment of counsel at this time.  Here, Plaintiff's complaint was recently filed, and the named defendants have not yet been served.  Further, whether or not the Plaintiff's claims have merit, the factual and legal issues "have not been tested or developed by the general course of litigation, making [a number of factors] of Parham's test particularly difficult to evaluate."  Chatterjee v. Philadelphia Federation of Teachers, 2000 WL 1022979 at *1 (E.D. Pa. July 18, 2000)(stating that unlike Parham, which concerned a directed verdict ruling, and Tabron, which involved summary judgment adjudication, plaintiff's claims asserted in complaint and motions "have barely been articulated" and have distinctive procedural posture).

With regard to the Tabron/Parham factors, Plaintiff has not demonstrated at this stage of proceedings, the complexity of legal issues, the degree to which factual investigation will be necessary, or that he will be in need of expert witnesses. Likewise, in the case at issue, the Court finds that Plaintiff is

capable of presenting the claims at this early stage.  He has presented to this Court without the assistance of counsel a thorough and well-articulated Complaint.  The Court recognizes that issues may arise in the course of this litigation which may raise a question as to Plaintiff's need for counsel.  In that case, the Court will consider a renewed motion for appointment of counsel.  At this point in the litigation, however, the Plaintiff's motion for appointment of counsel will be denied, without prejudice.

## CONCLUSION

For the reasons stated above, the Court denies without prejudice Plaintiff's application for appointment of counsel pursuant to Fed.R.Civ.P. 78.  An appropriate Order accompanies this Opinion.

s/Noel L. Hillman
NOEL L. HILLMAN
United States District Judge

DATED: June 14, 2007
At Camden, New Jersey